**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| SAMUEL E. THOMAS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:20-CV-00317-SDJ- |
| | § | CAN |
| v. | § | |
| | § | |
| PORTFOLIO RECOVERY | § | |
| ASSOCIATES, LLC, | § | |
| | § | |
| Defendant. | | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff Samuel E. Thomas's ("Plaintiff") Motion to Dismiss
Complaint with Prejudice ("Motion to Dismiss") [Dkt. 14], and Defendant Portfolio Recovery
Associates, LLC's Response to Plaintiff's Motion to Dismiss and Motion for Sanctions ("Motion
for Sanctions") [Dkt. 17].  After reviewing Plaintiff's Motion to Dismiss [Dkt. 14], Defendant's
Motion for Sanctions [Dkt. 17], Plaintiff's Response [Dkt. 20], and all other relevant filings, the
Court recommends that the Motion to Dismiss be **GRANTED**, that Plaintiff's claims be dismissed
with prejudice, and the Motion for Sanctions be **DENIED**.

**BACKGROUND**

Plaintiff filed the instant lawsuit on April 15, 2020, against Defendant for alleged violations
of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692, the Telephone
Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227, and the Texas Debt Collection
Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 [Dkt. 1 at 1, 4-9].  On June 19, 2020,
Defendant filed its original Answer to Plaintiff's claims [Dkt. 7].  Some four months later, on
September 10, 2020, Plaintiff voluntarily moved to dismiss each of his claims with prejudice

[Dkt. 14].   Defendant opposed the voluntary dismissal, and on September 18, 2020, moved for sanctions against Plaintiff [Dkt. 17], seeking to recover both its costs and fees incurred in defending the suit.   Prior to the filing of either pending Motion, the Parties engaged in discussions regarding dismissal of the case, settlement, and the merits of Plaintiff's claims [Dkts. 17-1; 17-2; 17-3; 17-4].   Indeed, from March 18, 2020, through April 10, 2020, before the filing of any suit, counsel for Plaintiff, and counsel for Defendant, were in contact regarding settlement [Dkt. 17-1]. When a settlement was not reached between the Parties, Plaintiff filed the instant lawsuit on April 15, 2020 [Dkt. 1].   Discussion between the Parties continued, and on May 27 through May 29, 2020, further communications were exchanged [Dkt. 17-2].   Defendant vehemently asserted Plaintiff's claims lacked merit and articulated grounds to support such belief [Dkt. 17-2 at 2].  The Parties engaged in limited discovery relating to call logs and account notes in hopes of resolution [Dkt. 17-2 at 3].   Specifically, on July 24, 2020, Defendant sent Plaintiff an email with a letter requesting dismissal and redacted call logs attached, evincing that Plaintiff never answered the calls made by Defendant [Dkt. 17-3].   On August 21, 2020, Defendant reached out to Plaintiff to inform him that Defendant intended to file a Rule 11 motion [Dkt. 17-4].[1]  Before the expiration of twenty-one days, Plaintiff filed the instant Motion to Dismiss [Dkt. 14].[2]   Notwithstanding Plaintiff filing a dismissal within the safe harbor provision, Defendant filed its Motion for Sanctions and contends it is entitled to relief under 28 U.S.C. § 1927 [Dkt. 17 at 5-8].

---

[1] Federal Rule of Civil Procedure 11 provides for sanctions for the filing of frivolous, baseless claims, unsupported in law or fact.  FED. R. CIV. P. 11.  "The purpose of the rule is to 'deter baseless filings in district court,' [and] 'to spare innocent parties and overburdened courts from the filing of frivolous lawsuits.'"  *Copeland v. Minton*, No. 3:16-CV-726-L, 2016 WL 7971584, at *8 (N.D. Tex. Dec. 29, 2016) (internal citations omitted) (quoting *Zuffante v. Stephens*, No. 3:13-CV-1146-B, 2013 WL 4829193, at *1 (N.D. Tex. Sept. 9, 2013) (quoting *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987))), *report and recommendation adopted*, 3:16-CV-726-L, 2017 WL 303025 (N.D. Tex. Jan. 23, 2017).  Rule 11 provides that the party moving for sanctions must provide twenty-one (21) days-notice to the non-movant before filing the motion.  FED. R. CIV. P. 11(c)(2).

[2] However, "[R]ule [11] contains a safe harbor provision that requires that the motion 'be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.'"  FED. R. CIV. P. 11(c)(2).

## MOTION TO DISMISS

### *Federal Rule of Civil Procedure 41(a)(2)*

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *accord Elbaor v. Tripath Imaging*, Inc., 279 F.3d 314, 317 n. 2 (5th Cir. 2002); *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 198-99 (5th Cir. 1991).  The Fifth Circuit has explained that, generally, motions for voluntary dismissal under Rule 41(a)(2) should be freely granted unless the non-moving party will suffer some plain legal prejudice *other* than the mere prospect of a second lawsuit.  *Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (citing *Elbaor*, 279 F.3d at 317).  Therefore, when faced with a Rule 41(a)(2) motion, the "district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice.  If not, it should generally, absent some evidence of abuse by the movant, grant the motion."  *Ryan, Inc. v. Weaver and Tidwell, LLP*, 2011 WL 1639262, at *1 (N.D. Tex. April 29, 2011) (quoting *Elbaor*, 279 F.3d at 317).

Thus, in determining whether to grant dismissal, "the principal consideration is whether the dismissal would prejudice the defendant."  *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 202-03 (N.D. Tex. 1988) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985)).  Legal prejudice has been defined as "prejudice to some legal interest, some legal claim, some legal argument."  *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).  "Typical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense."  *Tyger Mfg., LLC v. Mike's Worldwide LLC*, No. H-19-2856, 2020 WL 6075653, at *1 (S.D. Tex. Oct. 15, 2020) (citing *In re FEMA Trailer*

*Formaldahyde Prod. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010)).  The factors to be taken into account when determining whether a defendant will suffer prejudice by a Rule 41(a)(2) voluntary dismissal, include, but not are limited to: (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) whether a motion for summary judgment has been filed by the defendant.  *Chavez v. Dunlop, Ltd*., No. 1:09-CV-798, 2011 WL 1641972 (E.D. Tex. April 13, 2011); *Hereford v. Carlton*, No. 9:15-CV-26, 2016 WL 7042230, *8 (E.D. Tex. March 16, 2016) (citing these and other relevant factors).

Here, each of the Rule 41(a)(2) factors weigh in favor of granting the Motion to Dismiss. This litigation is in its infancy, a scheduling order having been entered a mere two months before Plaintiff moved for dismissal with prejudice [Dkt. 12].  Defendant has prepared only an answer [Dkt. 7] and has no pending dispositive motion awaiting consideration; discovery by the Parties' own admissions has been very limited; and a motion for dismissal was filed less than two months after Defendant provided call logs to Plaintiff's counsel for evaluation [Dkt. 14].  Plaintiff expressly contends that after review of the documents provided by Defendant, Plaintiff no longer wishes to litigate the matter [Dkt. 14].  Indeed, Defendant "does not oppose Plaintiff's request to dismiss all claims against Defendant with prejudice" [Dkt. 17 at 3].  Rather, Defendant takes issue with Plaintiff's request that costs and fees be borne by the Party incurring same, as Defendant asserts Plaintiff's counsel and/or his firm filed factually deficient and baseless claims [Dkt. 17 at 3].  Such contention is the subject of Defendant's Motion for Sanctions, discussed further *infra*.

Accordingly, and upon consideration of the effort and expense involved in the litigation thus far, the explanation for the requested dismissal, and the absence of any other dispositive

motions on the docket,[3] the Court recommends the Motion to Dismiss be granted, and each of Plaintiff's claims be dismissed with prejudice. *See Hereford*, 2016 WL 7042230, at *8 (Finding dismissal proper under Rule 41(a)(2) where "[t]he parties have admittedly conducted little discovery and the dispositive motion deadline does not expire for another month[,]" and defendant is not subject to legal prejudice.); *compare Chavez*, 2011 WL 1641972, at *2 (Finding that dismissal is improper under Rule 41(a)(2) where "case has been on the court's docket for almost 20 months and has advanced to a late stage in the litigation process when all discovery and motions deadlines have passed[,]" dismissal was premised on contention that documents were being concealed, and defendant had filed a motion for summary judgment.)

## MOTION FOR SANCTIONS

### *28 U.S.C. § 1927 Standard*

28 U.S.C. § 1927 prohibits the persistent prosecution of meritless claims. *White v. Alkitsa Inv. Ltd., Inc.*, No. CV H-20-0951, 2020 WL 4193274, at *4 (S.D. Tex. July 21, 2020).  Under § 1927, the Court may impose sanctions in the form of attorneys' fees and costs against "[a]ny attorney or other person. . . who so multiplies the proceedings in any case unreasonably and vexatiously[.]"   28 U.S.C. § 1927.   Proving that the behavior was both "vexatious" and "unreasonable" requires "evidence of bad faith, improper motive or reckless disregard of the duty owed to the Court." *Bigbie v. EOG Res., Inc.*, No. 7:19-CV-00077-M-BP, 2020 WL 3420974, at *4 (N.D. Tex. May 27, 2020) (citing *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998)), *report and recommendation adopted*, No. 7:19-CV-00077-M-BP, 2020 WL 3415723 (N.D. Tex. June 22, 2020).   The phrase "unreasonably and vexatiously" describes conduct that, when viewed under an objective standard, is harassing or annoying, or evinces the intentional or

---

[3] The deadline for dispositive motions in this case is January 27, 2021 [Dkt. 12 at 2].

reckless pursuit of a claim, defense or position that is, or should be known by the lawyer to be, unwarranted in fact or law, or is advanced for the primary purpose of obstructing the orderly process of the litigation. *See True Believers Ink 2, Corp. v. Russell Brands, LLC.*, No. 4:18-CV-00432, 2020 WL 2113600, at *15 (E.D. Tex. May 4, 2020) (citing *Western Fidelity, et al. v. Bishop*, 2001 WL 34664165, at *22 (N.D. Tex. June 26, 2001)).  In assessing whether maintenance of claims is  unreasonable, it is not enough that the plaintiff's claims fail; defendant must show with more than merely the benefit of hindsight that the plaintiff's persisted in asserting claims after it became clear that the claims lacked merit. *See White*, 2020 WL 4193274, at *4 (citing *Federal Deposit Insurance Corp. v. Calhoun*, 34 F.3d 1291, 1298, 1300 (5th Cir. 1994)).

According to the Fifth Circuit, "punishment under § 1927 is 'sparingly applied.'" *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 872 (5th Cir. 2014) (citing *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996)).  Punishment is "sparingly applied" because sanctions under § 1927 are "'punitive in nature and require clear and convincing evidence' that sanctions are justified." *True Believers Ink 2, Corp.*, 2020 WL 2113600, at *15 (citing *Lawyers Title Ins. Corp.*, 739 F.3d at 872).  In awarding fees under this provision, "[t]he district court must make detailed factual findings." *Lawyers Title Ins. Corp.*, 739 F.3d at 871.  "Specifically, the court is required to (1) identify sanctionable conduct and distinguish it from the reasons for deciding the case on the merits, (2) link the sanctionable conduct to the size of the sanctions, and (3) differentiate between sanctions awarded under different statutes." *Id.* at 872.

*Analysis*

Defendant contends that sanctions under 28 U.S.C. § 1927 are appropriate in this case because:

> Plaintiff's counsel and/or his firm has a [sic] exhibited a clear pattern of filing cases, that clearly lack any factual or legal merit, despite being notified of their factually deficient and baseless nature prior to filing.  Further, Plaintiff's counsel and/or his firm have exhibited an even more concerning pattern of filing such cases only to move for a voluntary dismissal after causing [Defendant] to incur unnecessary costs and fees in defending against these baseless lawsuits.

[Dkt. 17 at 4].  Defendant cites in support of this alleged pattern two prior cases that Defendant's counsel and Plaintiff's counsel have litigated opposite each other, *Adele Marshall v. PRA*, Case No. 4:19-cv-04821 (S.D. Tex.) and *Charles Coles v. PRA*, 5:20-cv-00035 (W.D. Tex.).  Defendant contends that in *Marshall* and *Coles*, similar to here, Defendant provided "Plaintiff's counsel and/or his firm with both relevant information and supporting documentation showing the factually deficient and baseless nature of Plaintiff's claims," and "Plaintiff's counsel and/or his firm again disregarded the information and supporting documentation. . . . deciding to continue litigating a case which had already been shown to be meritless," [Dkt. 17 at 4].  Defendant provides nothing to the Court from which it could discern Plaintiff's counsel indeed acted unreasonably in either of these prior cases.  Moreover, Plaintiff conversely argues that is has litigated multiple additional cases against Defendant; including, for example, *Estrada v. Portfolio*, where Plaintiff's counsel was similarly advised by Defendant there was no merit to the case prior to it being filed, only to later find out otherwise [Dkt. 20 at 1-2].  Defendant's contention that its' counsel has been involved in two similar cases with Plaintiff's counsel at this juncture is insufficient to establish vexatious and unreasonable conduct.  *See Barrett v. Medicredit, Inc.*, No. 3:17-CV-3251-B, 2019 WL 1327072, at *1 (N.D. Tex. Mar. 25, 2019) (Finding that plaintiff's counsel's failure determine why plaintiff was unresponsive to his communications for nearly a year, the reason being that she had

died eighteen days after the filing of the complaint, did not constitute sanctionable conduct under § 1927.); *compare Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 181 (5th Cir. 2007) (Affirming the imposition of sanctions under § 1927 where "the district court thoroughly recounted [plaintiff's counsel's] unreasonable and vexatious conduct: (1) [plaintiff's counsel]  was denied leave to amend four times; (2) to avoid the effect of these earlier denials, [plaintiff's counsel]  filed a second case in an attempt to add the same causes of action; (3) after stern warnings, [plaintiff's counsel]  filed a Reply to Counterclaim, Counterclaim, and Third–Party Demand, all of which sought to add the same parties and causes of action; (4) [plaintiff's counsel's]   trial conduct warranted a halt to the proceedings and a stern contempt warning; (5) [plaintiff's counsel] informed defendants' counsel after the trial that he would continue the litigation to generate more fees.").

Defendant further argues in support of its sanctions request that "Defendant's counsel reached out to Plaintiff's counsel on multiple occasions and provided Plaintiff's counsel with both a detailed correspondence again outlining the meritless nature of Plaintiff's claims and supporting documentation to support Defendant's position that Plaintiff's claims lack any level of merit" [Dkt. 17 at 6].  While Plaintiff and Defendant have been in contact for some length of time, the "supporting documentation" to Defendant's position that Plaintiff's claims were meritless was not provided to Plaintiff until July 24, 2020 [Dkt. 17-3].  Upon production of limited discovery, Plaintiff moved without unreasonable delay to dismiss [Dkt. 17 at 6].  Again, for the Court to award sanctions under § 1927, Defendant must show that the behavior of Plaintiff in filing his claim was both "vexatious" and "unreasonable," which requires a showing of "bad faith, improper motive or reckless disregard of the duty owed to the Court."  *See Bigbie*, 2020 WL 3420974, at *4.  Defendant has not made such showing.  Accordingly, any request by Defendant for sanctions under § 1927 should be denied.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends Plaintiff's Motion to Dismiss [Dkt. 14] be **GRANTED** and Defendant's Motion for Sanctions [Dkt. 17] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 6th day of November, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE